UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. LAIRD,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES C. GIANULIAS, et al.,<br><br>    Defendants. | Case No. 13-cv-01640-WHO<br><br>**ORDER GRANTING MOTION TO REMAND, DENYING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. Nos. 10, 16, 17 |

On August 7, 2013, the Court heard oral argument on plaintiff's motion to remand for lack of jurisdiction [Docket No. 10], plaintiff's motion to dismiss the counterclaims for lack of jurisdiction [Docket No. 17], and defendants' motion to transfer this matter to the Central District of California [Docket No. 16]. For the reasons discussed below, the Court GRANTS plaintiff's motion to remand, DENIES plaintiff's motion to dismiss as moot and DENIES defendants' motion to transfer. The Court also DENIES plaintiff's motion for attorney's fees and costs.

## BACKGROUND

Plaintiff Kenneth E. Laird and defendants James C. Gianulias and Gus C. Gianulias are business partners. In January 2006, the Gianuliases, Laird and other entities secured a $15 million dollar loan from Bank of the West. *See* Declaration of James C. Gianulias, Ex. A [Docket No. 15-1].[1] In June 2008, defendant James Gianulias was forced into involuntary bankruptcy

---

[1] Plaintiff objects to portions of three paragraphs of the Declaration of James Gianulias. Docket No. 20. Plaintiff argues that James' statements regarding the Bank of the West and Bank of America loans in paragraphs 4 & 7 lack foundation, are unsupported lay opinion and hearsay, and are in violation of the best evidence rule. The Court OVERRULES those objections, but instead of relying on the declarant's description of the attached documents, relies only on the contents of the documents themselves. Plaintiff also objects to the declarant's comments in paragraph 9. The

proceedings, along with a corporation in which James was the sole shareholder. Gianulias Decl., ¶ 5. In August 2008, CGH, LLC – a limited liability company whose sole members are Laird and the Gianuliases – obtained a $15 million dollar line of credit. Id., ¶ 7 & Ex. B. The joint and several guarantors of that loan were Laird and Gus C. Gianulias; James Gianulias was not a guarantor because of his pending bankruptcy proceedings. Gianulias Decl., ¶ 7 & Ex. B. On July 19, 2010, the bankruptcy plan for James Gianulias was confirmed. Gianulias Decl., ¶ 8. In November 2011, Laird and James and Gus Gianulias entered into a "Reimbursement and Security Agreement" ("Agreement"). Request for Judicial Notice [Docket No. 13], Ex. 1.[2] The Agreement explicitly references the payments to the Bank of America required under the line of credit and acknowledges that CGH, LLC does not have any working capital from which to make those payments. Ex. 1 at 1-2. The Agreement also acknowledges that James did not sign the Bank of America loan as a guarantor because of the bankruptcy proceedings. *Id*. In order to preserve the short-term and long-term value of Laird and the Gianulias's interests in another limited liability company of which they were the sole members (Kona Plantation LLC), Laird agreed to make the current and future payments under the Bank of America loan in return for James and Gus Gianulias's commitment to reimburse Laird for those payments in proportion to their individual membership interest percentages in CGH, LLC. *Id*. On March 7, 2013, the bankruptcy court issued an order entering a final decree and closing the James Gianulias bankruptcy proceedings. *Id*., Ex. 2.

On March 8, 2013, plaintiff Laird filed a breach of contract action against the Gianuliases in Napa County Superior Court, contending that the defendants had failed to meet their obligations under the Agreement. On April 10, 2013, defendants removed the case to this Court, asserting that this Court has jurisdiction over the action because it arises from or is related to James

---

Court does not rely on paragraph 9 in ruling on the pending motions and, as such, need not reach the objections to that paragraph.
[2] Plaintiff asks the Court to take judicial notice of the Agreement, a March 7, 2013 Order Entering Final Decree in James Gianulias' bankruptcy proceedings, a January 18, 2013 Motion for Order Entering Final Decree, and the May 27, 2010 Order Confirming Debtor's Fourth Amended Plan of Reorganization. *See* Docket No. 13. Defendants' do not oppose the request (Opposition at 3 fn.1) and the Court GRANTS the request for judicial notice.

2

Gianulias' bankruptcy proceedings. Docket No. 1. Plaintiff now moves to remand the action, arguing that this case did not arise from and is not related to the now-concluded bankruptcy proceedings and the Court, therefore, lacks jurisdiction. Plaintiff also moves to dismiss defendants' state law counterclaims on essentially the same grounds. Defendants move to transfer this case to the Central District of California, with a referral to the Central District's Bankruptcy Court which handled the James Gianulias bankruptcy proceedings, so that the Bankruptcy Court can determine whether or not the Agreement is an impermissible attempt to reaffirm a debt that was discharged.

## LEGAL STANDARD

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). For an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 10–11 (1983).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *See Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *See Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court...." *See Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

1    Under 28 U.S.C. section 1452, a party may remove a case from state court where the
2 district court has jurisdiction under 28 U.S.C. section 1334. Under section 1334, a district court
3 has original and exclusive jurisdiction over cases "arising under" the bankruptcy code and original
4 but not exclusive jurisdiction over civil proceedings "arising in or related to" cases under the
5 bankruptcy code. 28 U.S.C. § 1334(b). Proceedings "'arising under' bankruptcy cases are
6 generally referred to as 'core' proceedings, and essentially are proceedings that would not exist
7 outside of bankruptcy, such as 'matters concerning the administration of the estate,' 'orders to turn
8 over property of the estate,' and 'proceedings to determine, avoid, or recover preferences.'" *In re
9 Pegasus Gold Corp.,* 394 F.3d 1189, 1193 (9th Cir. 2005). Proceedings "related to" bankruptcy
10 proceedings under section 1334, are those "which could conceivably have any effect on the estate
11 being administered in bankruptcy." *Id*. (internal quotation omitted).[3] In the post-confirmation
12 context, where jurisdiction is "necessarily more limited," the Ninth Circuit requires a "close nexus
13 to the bankruptcy plan or proceeding" sufficient to uphold jurisdiction over the matter. *Id*. at
14 1194.

## DISCUSSION

17    Defendants removed the case to this Court under 28 U.S.C. section 1334, on the grounds
18 that the claims asserted in the state court complaint "arose under" or are "related to" the James
19 Gianulias bankruptcy proceedings. Specifically, defendants argue that the subject of the
20 Reimbursement Agreement – the Bank of America loan – was a pre-petition and pre-confirmation
21 debt of James Gianulias and the Agreement is a disguised reaffirmation agreement of a debt
22 discharged in bankruptcy that violates of Section 524 of the Bankruptcy Code.[4] The question of
23 whether the Agreement is an invalid attempt at reaffirmation of a discharged debt, defendants
24 argue, arises under or is related to the now-concluded bankruptcy proceedings and is the focus of

---

[3] 28 U.S.C. section 1334(b) provides that district courts have "original but not exclusive jurisdiction" of all civil proceedings . . . "arising in or related to cases under title 11."
[4] In order to validly reaffirm a dischargeable debt, section 524(c) requires the agreement contain various disclosures and requires the agreement be filed with the bankruptcy court. *See* 11 U.S.C. § 524(c). There is no evidence on this record that any of those actions were taken with respect to the Reimbursement Agreement.

4

1  plaintiff's motion to remand.  Defendants also contend, in their motion to transfer, that this
2  question should be decided by the bankruptcy court in the first instance.

## I. DEFENDANTS' MOTION TO TRANSFER

Defendants move to transfer this case to the Central District of California, with a referral to the Central District Bankruptcy Court that handled James Gianulias' proceedings.  Defendants argue that the Court should determine the motion to transfer *prior* to considering whether the Court has jurisdiction over the Complaint in connection with the motion to remand.  *See* Motion to Transfer at 1, 4.  The cases defendants rely on, however, are inapposite.  For example, defendants rely on *Public Employees Retirement System v. Morgan Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009), where the court declined to determine the propriety of removal jurisdiction before considering a motion to transfer because "[a] decision to transfer for inconvenient forum is not a decision on the merits and therefore does not require a finding of jurisdiction."  Here, however, the motion to transfer is not based on an inconvenient forum, but based on defendants' own assertion that the bankruptcy court has exclusive jurisdiction over the subject matter of the Complaint.  *See also Cornerstone Dental, PLLC v. Smart Dental Care, LLC* 2008 WL 907374, *2 (Bkrtcy. D.Idaho 2008) (*after* adopting the District Court's finding that the litigation was sufficiently "related to" bankruptcy issues, the bankruptcy court transferred venue to the "home" bankruptcy court so "home" court could determine the motion to remand).

Similarly, cases where a court was faced with a motion to transfer to the "home" bankruptcy court and a motion to remand or abstain under 28 U.S.C. section 1334(c) are inapposite because section 1334(c) motions assume that the underlying case either arises under or is related to a bankruptcy proceeding. [5]  *In re Wedlo, Inc.*, 212 B.R. 678 (Bankr. M.D. Ala. 1996)

---

[5] Under section 1334(c)(1), "in the interest of justice, or in the interest of comity with State courts or respect for State law," district courts can abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.  Under section 1334(c)(2), "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of

5

(finding "home court" better positioned to determine "abstention"); *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987) (court transferred action to "home" bankruptcy court to determine whether or not to "remand or otherwise abstain" under 28 U.S.C. section 1334(c), because abstention did not raise a "jurisdictional" issue and nothing "contained in either 28 U.S.C. § 1412, any other Code provision, or logic [] would bar a transfer of venue of a 'related proceeding.'"); *Consolidated Lewis Inv. Corp. v. First Nat'l Bank*, 74 B.R. 648, 651 (E.D. La. 1987) (case regarding mortgage listed in a bankruptcy petition was properly removed, and transferred to bankruptcy court where bankruptcy pending so that "home" court could determine whether the action involved a "core" proceeding and whether remand or abstention under 28 U.S.C. § 1334(c)(2) was appropriate).

The Court finds that because there is a significant dispute as to whether this Court has jurisdiction over the state law claims asserted – and not just whether abstention under section 1334(c) is appropriate – the better course is to determine the motion to remand prior to the motion to transfer. Therefore, the Court will address its jurisdiction in the first instance.

## II. PLAINTIFF'S MOTION TO REMAND

### A. Arising Under Jurisdiction

Defendants first argue that this action implicates the interpretation and enforcement of orders of a bankruptcy court and, therefore, it "arises under" the bankruptcy code. *See* Defendants' Opposition to Remand ("Oppo. Remand") at 15; *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) (bankruptcy court "had jurisdiction over the declaratory judgment action if such an action requiring a bankruptcy judge to determine the effect of a prior order of the bankruptcy court arises under title 11."); *in Re McGhan,* 288 F.3d 1172, 1179 (9th Cir. 2002) ("a state court also lacks authority to modify or dissolve a discharge order").

Here, however, the parties agree that James Gianulias did not list Laird as a creditor in the bankruptcy proceeding and neither the Bank of the West nor the Bank of America loans were

---

appropriate jurisdiction."

listed as debts. Therefore, *no* court is being asked to interpret, much less modify or dissolve, a discharge order or injunction issued by the Bankruptcy Court in the Gianulias proceedings. Instead, the question is whether James Gianulias has a *defense* to the Complaint because the Reimbursement Agreement is a disguised and impermissible reaffirmation agreement of a claim Laird had in the bankruptcy (which he failed to assert). That determination does not require the interpretation of an order of the bankruptcy court, but merely application of bankruptcy code provisions and related case law governing the definition of a claim, as well as discharge and reaffirmation of debts.[6] Nor does that question implicate the enforcement of a bankruptcy court order, especially in light of the fact that the James Gianulias bankruptcy proceedings were closed in March 2013. RJN, Ex. 2 (3/7/2013 Order Closing Chapter 11 Case). Determining whether the Reimbursement Agreement is an impermissible reaffirmation of a discharged debt -- in the absence of any showing that Laird was listed as a potential creditor in the bankruptcy proceedings or that the bankruptcy court addressed the Bank of the West or Bank of America loans – does not implicate the interpretation or enforcement of an order of a bankruptcy court. This case, therefore, does not arise under the bankruptcy code for purposes of Section 1334 jurisdiction.[7]

### B. Related to Jurisdiction

Defendants argue that jurisdiction is also established because this case is "related to" the

---

[6] This case, therefore, is unlike *In re Franklin*, 802 F.2d at 326, where the Ninth Circuit simply recognized that "bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner." In *in re Franklin*, there was "arising under" jurisdiction for a bankruptcy court to determine whether a prior bankruptcy court had jurisdiction to enter a stipulation providing relief from an automatic stay and to determine the effect that stipulation had on a subsequent bankruptcy action. As the Ninth Circuit found, "Both of these issues fundamentally implicate the bankruptcy court's ability to administer the estate created by the Franklin's second bankruptcy filing." *Id*. at 326-27.

[7] Defendants spend much of their brief arguing that the Reimbursement Agreement is an impermissible reaffirmation of a discharged debt under 11 U.S.C. § 524(c), and in particular rely on *In re Getzoff*, 180 B.R. 572 (B.A.P. 9th Cir. 1995). In light of the Court's determination to remand for lack of jurisdiction, the Court will not reach that question. However, the Court notes significant differences between *In re Getzoff* and the facts alleged in this case. In particular, the debtor in *Getzoff* was a guarantor at all times (pre, during and post-bankruptcy) and the second guarantee was "merely an extension of the first note," which was discharged in the bankruptcy. Here, the only pre-petition debt which James Gianulias was liable to Laird for was the Bank of the West loan. The Bank of America loan – which may or may not have been used to pay off the Bank of the West loan and was the reason for the Reimbursement Agreement – was taken out by CGH, LLC *without* the personal guarantee of James Gianulias.

7

James Gianulias bankruptcy proceedings as the allegations that James Gianulias is contractually bound to reimburse Laird under the Agreement – which defendants contend is an impermissible attempt to reaffirm a discharged debt -- will necessarily affect the interpretation, implementation, consummation, execution or administration of the confirmed plan. Oppo. Remand at 17.

However, in order to satisfy "related to" jurisdiction, defendants must demonstrate "a close nexus connecting a proposed post-confirmation proceeding in the bankruptcy court with some demonstrable effect on the debtor or the plan of reorganization." *In re Wilshire Courtyard*, 459 B.R. 416, 430 (B.A.P. 9th Cir. 2011). Defendants have not shown how the state law complaint seeking to enforce the Reimbursement Agreement will have an effect on the now-concluded bankruptcy proceedings. *See In re Pegasus Gold Corp.*, 394 F.3d at 1193 ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). Here, if the debt is an impermissible reaffirmation – and it therefore cannot be collected -- there is no impact on the now-closed bankruptcy proceedings. Similarly, if the debt is not an impermissible reaffirmation, it could not have any impact on the now-concluded bankruptcy proceedings. Unlike *In re Pegasus Gold Corp.*, where resolution of the state law proceedings could impact the liquidation trust set up by the Plan and, therefore, affect the implementation and execution of the Plan itself (*id*. at 1194), in this case there is no evidence that the determination of whether the Reimbursement Agreement is an impermissible reaffirmation of a discharged debt will have any effect on the "'interpretation, implementation, consummation, execution, or administration of the confirmed plan'" sufficient to satisfy the "close nexus" test. *Id*. (*quoting In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3d Cir. 2004)).

Relatedly, defendants have no support for their position that the bankruptcy court must determine whether the Reimbursement Agreement is an impermissible attempt to reaffirm a discharged debt. As the cases defendants rely on acknowledge, when faced with a state law complaint that arguably attempts to collect on a discharged debt, a defendant has four options: (1) assert the discharge provided by the Confirmation Order as an affirmative defense in the State Court case; (2) remove the case to United States District Court under 28 U.S.C. § 1452(a); (3)

move the bankruptcy court that handled the bankruptcy to reopen the Chapter 11 Case pursuant to 11 U.S.C. § 350(b); or (4) initiate a proceeding in the bankruptcy court which handled the bankruptcy for the enforcement of the statutory injunction provided by 11 U.S.C. § 524(a)(2), if appropriate under the Confirmation Order. *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 965 (11th Cir. 2012). State courts *have* jurisdiction to determine whether a particular debt was discharged in a bankruptcy court.[8] *See in Re McGhan*, 288 F.3d 1172, 1180 (9th Cir. 2002) (recognizing that state courts have the power to construe the discharge and determine whether a particular debt is or is not within the discharge because "'discharge in bankruptcy is a recognized defense under state law'").[9]

Here, there is no evidence that the determination of whether the Reimbursement Agreement is an impermissible reaffirmation of a discharged debt could have any effect on the interpretation, implementation, consummation, execution or administration of the plan confirmed by the bankruptcy court in the Central District of California. There is no "related to" jurisdiction over this case.

## C. Federal Question Jurisdiction

In the alternative, defendants argue that this Court has jurisdiction under 28 U.S.C. section 1441, because the state law claims asserted in the complaint turn on "substantial questions of federal law." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In

---

[8] Debtors who remove must still demonstrate that "arising under" or "related to" jurisdiction still exists.

[9] In their motion to transfer, defendants rely on the *Alderwoods* case to argue that the bankruptcy court in the Central District is "not only appropriate, but the exclusive forum for determination of the issues presented by this case." Reply in Support of Motion to Transfer at 6. However, in *Alderwoods*, the Eleventh Circuit determined only that bankruptcy court who handled the underlying bankruptcy was the exclusive forum for the debtors to seek the relief *at issue in that case*: enforcement of their discharge injunction by either having a bankruptcy court sanction the creditors for disregarding the injunction or enjoining the creditors from prosecuting their state court action. Similarly, defendants argue that Ninth Circuit case law recognizes the bankruptcy court is the exclusive forum to determine the issues in this case. *See* Reply in Support of Motion to Transfer at 6-7. However, the only case cited, *In re Fernandez-Lopez*, 37 B.R. 664 (B.A.P. 9th Cir. 1984), simply found that a debtor could argue in a state court action that a sued-upon debt had been discharged in bankruptcy and, at the same time, seek an injunction against the state court action from the bankruptcy court. That case did not hold that the determination of whether a particular debt had been discharged was within the exclusive jurisdiction of the bankruptcy court.

9

*Grable*, the Supreme Court affirmed that federal question jurisdiction exists for federal issues "embedded" in state-law claims where the state-law claims necessarily raises a stated federal issue, that is actually disputed and substantial, and "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Here, there is no federal claim embedded in the complaint. While the Reimbursement Agreement does mention the James Gianulias bankruptcy – providing context as to why James Gianulias did not sign the Bank of America loan as a guarantor, RJN, Ex. 1 – that context does not embed a federal issue into the breach of contract action.

Moreover, *Grable* did not disturb the fact that under the "well-pleaded complaint" rule, generally a defense cannot be a basis for removal. *See, e.g., Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (holding that claim preclusion – as the result of a prior federal judgment from the bankruptcy court -- is a defensive plea that provides no basis for removal under § 1441(b)); *see also Equity Growth Asset Mgmt. v. Fernando*, 2012 U.S. Dist. LEXIS 138509 (N.D. Cal. Sept. 26, 2012) ("bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint.").

As there is no federal claim on the face of the complaint, and no "arising under" or "related to" jurisdiction under 28 U.S.C. section 1334(b), the Court does not have jurisdiction over the state court complaint and plaintiff's motion to remand must be GRANTED.

**D. Attorney's Fees**

Plaintiff moves for an award of attorney's fees and costs incurred in moving to remand under 28 U.S.C. section 1447(c).[10] The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Supreme Court recognized, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

---

[10] Under section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

1  Here, while the Court has GRANTED the motion to remand, the Court does not find that defendants' removal petition was objectively unreasonable and DENIES the request for attorney's fees.

### III. PLAINTIFF'S MOTION TO DISMISS COUNTER-CLAIMS

Plaintiff also moves to dismiss the defendants' counterclaims arguing that: (1) because the Court lacks subject matter jurisdiction over the removed Complaint, it also lacks subject matter jurisdiction over defendants' state-law counterclaims; and (2) because defendants' state law counterclaims are permissive (rather than compulsory) and defendants fail to demonstrate an independent basis for the Court's jurisdiction over them, they must be dismissed. Having found that this case should be remanded, plaintiff's motion to dismiss the counterclaims is DENIED as moot.

### CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand, DENIES plaintiff's motion for attorney's fees and costs, and DENIES both defendants' motion to transfer as well as plaintiff's motion to dismiss the counterclaims at MOOT.

**IT IS SO ORDERED**.

Dated: August 12, 2013



_____
WILLIAM H. ORRICK
United States District Judge